**Abraham CUCUTA, Plaintiff,**

v.

**CITY OF NEW YORK,
et al., Defendants.**

**No. 13 Civ. 0558(AJP).**

United States District Court,
S.D. New York.

Signed July 3, 2014.

Abraham Cucuta, Beaver, WV, pro se.

David Allen Cooper, Linda Margareta Mindrutiu, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

### *OPINION & ORDER*

ANDREW J. PECK, United States Magistrate Judge:

Plaintiff Abraham Cucuta filed an application to proceed *in forma pauperis* ("IFP"), which Chief Judge Preska granted on October 15, 2013. (Dkt. No. 1: Request to Proceed *In Forma Pauperis*; Dkt. No. 20: Order Granting IFP Application.) On May 9, 2014, 25 F.Supp.3d 400, 2014 WL 1876529, this Court granted the defendants' summary judgment motion and dismissed this lawsuit. (*See* Dkt. No. 80: Opinion & Order.) On June 19, 2014, pursuant to Fed.R.Civ.P. 54(d), the Clerk of Court entered a Bill of Costs in favor of defendants totaling $1,094.88, $983.20 of which was attributable to deposition transcripts. (Dkt. No. 82: Bill of Costs.) On June 24, 2014, Cucuta filed a letter arguing that his IFP status relieves him of responsibility for the costs identified in the Bill of Costs. (Dkt. No. 83: 6/24/14 Cucuta Letter.)

■ Contrary to Cucuta's assertion, the IFP statute and caselaw make clear that Cucuta's *in forma pauperis* status does not automatically excuse him from paying costs. 28 U.S.C. § 1915(f)(2)(A) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."); *see, e.g., D'Attore v. City of N.Y.,* 10 Civ. 6646, 2014 WL 173482 at *2 (S.D.N.Y. Jan. 8, 2014) ("28 U.S.C. § 1915(f) expressly permits costs to be taxed against indigent prisoners. . . ."); *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.,* 97 Civ. 5857, 2003 WL 22910079 at *1 (S.D.N.Y. Dec. 9, 2003) ("[C]osts may be awarded against a losing party even if that party would have diffi-

culty in paying the judgment and even if the party appeared *in forma pauperis*."); *Martin v. Ashcroft*, 96 Civ. 7646, 2002 WL 31119434 at *1 (S.D.N.Y. Sept. 24, 2002) (same).

Nevertheless, in the interest of justice and in this Court's discretion, Cucuta's apparent indigency warrants a reduction in the award of costs. *See, e.g., D'Attore v. City of N.Y.*, 2014 WL 173482 at *2. Accordingly, this Court reduces the award of costs from $1,094.88 to $750.00.

SO ORDERED.